# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2020

Lyle W. Cayce
Clerk

No. 19-10876
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSICA ARNOLD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-234-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jessica Arnold pleaded guilty to using a facility of interstate commerce to aid a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3)(A) and was sentenced to five years of probation. The probation officer twice reported that Arnold had violated the conditions of her probation by using controlled substances. Each time, Arnold was permitted to remain on probation but was required to participate in additional drug treatment programs and undergo

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more frequent drug tests.   When Arnold violated the conditions of her probation for a third time, again by using controlled substances as she admitted at her revocation hearing, the district court revoked her probation and sentenced her to 24 months in prison, which was above the recommended range of four to ten months, and three years of supervised release.  This appeal followed.

Arnold argues for the first time that the district court committed a procedural error by failing to adequately explain the chosen sentence.  Because Arnold failed to preserve the issue for appeal, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012).  The record demonstrates that the district court considered the Chapter 7 policy statements; the 18 U.S.C. § 3553(a) sentencing factors; the probation officer's reports; and the evidence and arguments presented, including Arnold's request for leniency, ultimately articulating a reasoned basis for imposing a sentence above the recommended range.  *See Kippers*, 685 F.3d at 498-99.  Accordingly, there is no procedural error with respect to the adequacy of the district court's explanation.  *See id.* at 498-99.

Arnold also argues that her sentence is substantively unreasonable because the district court erred in balancing the sentencing factors and considered an inappropriate factor.  Because Arnold preserved this issue of substantive reasonableness for appeal, our review is for abuse of discretion in light of the totality of the circumstances.  *See Kippers*, 685 F.3d at 499-500. The district court determined that a 24-month sentence was warranted in light of the following sentencing factors: the nature and circumstances of Arnold's probation violations, including their frequency and seriousness; Arnold's history and characteristics, including her drug addiction and mental health

issues; and the need to deter Arnold from engaging in future criminal activity, especially given that the court's prior leniency did not prevent her from violating the conditions of her probation.  *See* § 3553(a); *Kippers*, 685 F.3d at 499-500.  In light of the significant deference that we afford a district court's consideration of not only the § 3553(a) factors but also the reasons for its sentencing decision, Arnold has not demonstrated that her 24-month sentence is substantively unreasonable under the abuse-of-discretion standard.  *See Kippers*, 685 F.3d at 500-01.

The judgment of the district court is AFFIRMED.